IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ICE MELLON, LLC** § | | |
| § | | |
| **Plaintiffs** § | | |
| § | | |
| **v.** § | **CIVIL ACTION NO.** | |
| § | | |
| **RICHARD CREIGHTON MORGAN, JR.** § | | |
| § | | |
| **Defendant**. | | |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, Ice Melon, LLC ("Plaintiff") complains of Richard Creighton Morgan, Jr. ("Morgan" or "Defendant") and as its cause of action would show the Court as follows:

### Overview of Claims

1. Plaintiff brings this suit because of the fraudulent conduct of Richard Morgan and Morgan's theft of $250,000.00.

### Jurisdiction and Venue

2. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a Texas limited liability company and Defendant is a resident of the State of Michigan. The amount in controversy exceeds $75,000.00.

3. This Court may exercise personal jurisdiction over the Defendant because he committed fraud in the State of Texas.

4. Venue is proper in the Southern District of Texas because the Plaintiff's principal place of business is located in the Southern District of Texas.

## Parties

5. Ice Melon, LLC is a Texas Limited Liability Company.

6. Richard Creighton Morgan, Jr. is an individual who may be served with process at 20940 Turnberry Blvd., Northville, MI 48167 or wherever he may be found.

## Factual Background

7. Richard Morgan, Jr. markets himself as a sophisticated businessman, an expert in the body shaping, skin rejuvenation, facial aesthetics and hair removal industry. Morgan lured Plaintiff into investing $250,000.00 in a "body sculpting" clinic which he claimed was under construction in Lake Forest, California.

8. Morgan convinced Plaintiff to invest in the body sculpting business by making a host of material false statements of fact. A few of the misrepresentations made by Morgan that convinced Plaintiff to invest were:

   a. That Morgan had 80 body sculpting clinics using the name Light Rx Face and Body centers open in 2017;

   b. That the 80 Light Rx Face and Body centers open in 2017 generated $41,000,000 in revenue;

   c. That Morgan had 125 Light Rx Face and Body centers open in 2018;

    d. That the 125 Light Rx Face and Body centers open in 2018 would generate $126,000,000 in revenue;

    e. That Morgan had founded and grew American Laser Centers from a start-up in 2002 to over 210 centers in December 2007;

    f. That Morgan sold American Laser Centers to a large private equity firm for over $220,000,000;

    g. Morgan failed to disclose that American Laser Centers had filed bankruptcy in 2011;

    h. Morgan represented that his 80 open Light Rx clinics made over $3,700,000 in profits in 2017;

    i. Morgan represented that his 80 open Light Rx clinics had an earnings rate of over 9%;

    j. Morgan represented that his 125 Light Rx Clinics would make over $9,000,000 in earnings in 2018 and over $17,000,000 in 2019;

    k. Morgan represented that Plaintiff's $250,000 investment would generate a return of more than $1,000,000 over a five year period;

    l. In order to induce Plaintiff to invest the $250,000 Morgan represented that the Lake Forest clinic in which Plaintiff was investing in was close to signing a lease;

    m. Morgan promised to place the $250,000 in a Lake Forest bank account and to use the funds to open the Lake Forest clinic.

9. None of the representations and promises listed above were true.

10. Instead, Morgan diverted the $250,000 and used the money to advance his personal agenda.

11. The Lake Forest clinic never opened and the $250,000 delivered to Morgan has disappeared.

12. Plaintiff was defrauded into making this investment through the elaborate set of lies fed to it by Morgan as discussed in part above.

13. At the time Morgan was enticing Plaintiff to make its $250,000 investment, Morgan knew his Light Rx clinics were all failing and that his representations regarding income and profits were patently untrue. When he took Plaintiff's money, Morgan knew that his Ponzi scheme at Light Rx was already collapsing.

14. Despite these facts, Morgan repeatedly assured Plaintiff that the Lake Forest business was sound, that its investment was being used to build out lease space and that the Lake Forest clinic would open in just a few weeks.

15. As part of the scheme, Morgan caused Lake Forest to issue a fraudulent promissory note in favor of Plaintiff. Morgan represented that Plaintiff was to receive periodic payments called for in the note. In conjunction with the note, Morgan issued fraudulent guaranties in the name of Body Contour Ventures when he knew that Body Contour Ventures was bankrupt and had no ability to pay Plaintiff.

16. At all relevant times, and, in particular, during the period immediately leading up to Plaintiff's investment in Lake Forest, and in order to induce Plaintiff to make its investment in Lake Forest, Morgan made specific representations, in person and through interstate wires and/or mails, concerning the security of the investment and the strong wherewithal of the investment.

17. At the time Plaintiff invested its funds, Morgan knew the investment monies would not be used to open Lake Forest.

18. Plaintiff is entitled to the return of its $250,000 plus the sum of the entire accelerated amount interest on the Promissory Note.

19. Because Morgan actions were wanton, willful and with malice, Plaintiff is entitled to exemplary damages.

### Count 1 - Fraud

20. Plaintiff incorporates all preceding paragraphs and allegations.

21. Morgan engaged in a scheme of fraud so widespread that virtually every representation, whether in person, in promotional materials or in individual correspondence with Plaintiff was false. These countless misrepresentations were made for the purpose of misleading Plaintiff into investing in the Light Rx Lake Forest location. To make matter worse the misrepresentations were made at a time when Morgan had actual knowledge that other LightRx facilities were failing and that his entire organization had imploded.

22. Plaintiff actually relied upon Morgan's misrepresentations in making the decision to invest its $250,000.00.

23. At all times Morgan had an affirmative duty to disclose materially relevant information concerning his business enterprise but failed to do so.

24. Plaintiff has suffered significant damages as a result of Morgan's fraud, including but not limited to its entire investment.

### Count 2 – Violations of the Texas Theft Liability Act

25. Plaintiff incorporates all preceding paragraphs and allegations.

26. Plaintiff delivered $250,000.00 to Morgan.

27. Morgan took the $250,000 and did not place it in a Lake Forest account as required.

28. Morgan's actions constitute Theft in violation of the Texas Penal Code, Sections 31.01, 31.02 and 31.03.

29. Not only are Morgan's actions a crime under Texas law but are also a violation of the Texas Theft Liability Act, which provides a civil remedy for Morgan's criminal behavior.

30. Plaintiff is entitled to recover its actual damages, penalty damages provided for in the Act and attorney fees.

### Count 3 – Breach of Fiduciary Duty

31. Plaintiff incorporates all preceding paragraphs and allegations.

32. Plaintiff delivered its $250,000 to Morgan, in trust, with the express instruction to place the money in a Lake Forest bank account and to use the money to open the facility.

33. Morgan promised that the money would be placed in a separate Lake Forest bank account and used to open the Lake Forest facility.

34. On information and belief, Morgan never leased any property in Lake Forest and never opened a bank account for Lake Forest.

35. A fiduciary relationship existed between Morgan and Plaintiff.

36. Morgan breached the fiduciary relationship by failing to lease property in Lake Forest and by failing to open a Lake Forest bank account and by failing to use the $250,000.00 for the Lake Forest facility.

37. Plaintiff suffered damages because of Morgan's breach of fiduciary duty.

## Count 4 – Money Had and Received

38. Plaintiff incorporates all preceding paragraphs and allegations.

39. Money and received is an equitable cause of action where the Defendant holds money rightfully belonging to another. It is intended to prevent unjust enrichment.

40. Morgan holds $250,000 of funds which in equity and good conscience belongs to Plaintiff.

41. Morgan should be ordered to return the money.

## Count 5 - Punitive Damages

42. Morgan's conduct has been committed knowingly and with malice to justify an award of punitive damages.

43. Punitive damages should be awarded in such an amount as to deter Morgan and others like him from repeating this conduct in the future.

44. Plaintiffs asks the jury to determine the correct amount of punitive damages to be assessed.

## Count 6 – Attorney Fees

45. Pursuant to the Texas Theft Liability Act, as damages for fraud and for other equitable reasons, Plaintiff is entitled to recover its reasonable and necessary attorney fees both at the trial and appellate level.

## Jury Demand

Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

## Relief Requested

Wherefore, Plaintiffs respectfully request this Court to enter Judgment against Morgan and award it compensatory damages, punitive damages, attorney fees, interest both before and after judgment, costs of court and for such other relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**C K R | law, LLP**

BY:*/s/ William C. Ferebee*
William C. Ferebee
TBN: 06907500

Two Hughes Landing
1790 Hughes Landing Blvd., Suite 550
The Woodlands, Texas 77380
(281) 875-8200 Telephone
(281) 875-4962 Facsimile
wferebee@ckrlaw.com
*Attorney for Plaintiff*